UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------x

UNITED STATES OF AMERICA
    -v-

JULIO LOPEZ

------------------------------------x

JUDGMENT INCLUDING SENTENCE
UNDER THE SENTENCING REFORM ACT

CASE NUMBER:CR-05-284(ARR)
RANDOLPH E. DAAR, ESQ
506 BROADWAY
SAN FRANCISCO, CALIFORNIA 94133
Defendant's Attorney & Address

THE DEFENDANT:

__XXX__  pleaded guilty to count two of the superseding indictment.

_____  was found guilty on counts                    after a plea of not guilty.

Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| 18 USC 1956(h) & 1956(a)(2)(B)(i) | CONSPIRACY TO CONCEAL AND TRANSFER NARCOTICS PROCEEDS. | TWO (2) |

The defendant is sentenced as provided in pages 2 through     of this Judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

_____  The defendant has been found not guilty on count(s)          and is discharged as to such count(s).

__XXX__  Remaining counts are dismissed on the motion of the United States.

__XXX__  It is ordered that the defendant shall pay to the United States a special assessment of $100.00 which shall be due __XXX__ immediately ___ as follows:

It is further ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec #_____

Defendant's Date of Birth _10/6/75_

Defendant's Mailing Address:

_16837 ALWOOD STREET_

_LA PUENTE, CALIFORNIA 91744_

Defendant's Residence Address:

_____( SAME AS ABOVE )_____

_____

FEBRUARY 22, 2006
Date of Imposition of Sentence

ALLYNE R. ROSS, U.S.D.J.

FEBRUARY 22, 2006
Date

A TRUE COPY ATTEST
Date:_____
ROBERT C. HEINEMANN
CLERK OF COURT

By:_____

DEPUTY CLERK

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of twenty four (24) months.

<u>XXX</u>    The Court makes the following recommendations to the Bureau of Prisons:
THAT THE DEFT PARTICIPATE IN THE 500 HOUR PROGRAM ,AS INSOFAR, CONSISTENT WITH THE REQUEST TO BE DESIGNATED A FACILITY IN THE CALIFORNIA AREA.

____    The defendant is remanded to the custody of the United States Marshal.
____    The defendant shall surrender to the United States Marshal for this district,

    ____    at _____a.m./p.m. on _____.
    ____    as notified by the Marshal.

____    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

    ____    before 12:00 noon on _____.
    ____    as notified by the United States Marshal.
    ____    as notified by the Probation Office.

### RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____
_____

Defendant delivered on _____ to _____ at
_____, with a certified copy of this Judgment.

                    _____
                    United States Marshal

                    By_____

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1) Deft shall participate in substance abuse treatment with a treatment provider selected by the probation department. Treatment may include outpatient or residential treatment as determined by the probation department. Deft shall abstain from all illegal substances and/or alcohol. Deft shall contribute to the cost of services rendered via co-payment or full payment in an amount to be determined by the probation department, based upon the deft's ability to pay and/or the availability of third party payment.
2) Deft shall not possess any firearms.

—— The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

## FINE WITH SPECIAL ASSESSMENT

The defendant shall pay to the United States the sum of $ 100.00 , consisting of a fine of $ N/A and a special assessment of $ 100.00 .

___ These amounts are the totals of the fines and assessments imposed on individual counts, as follows:

This sum shall be paid ___ immediately
                       ___ as follows:

XXX   The Court has determined that the defendant does not have the ability to pay any fines, cost of confinement or supervision.

___ The interest requirement is waived.
___ The interest requirement is modified as follows:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - X

UNITED STATES OF AMERICA,      :

                  Plaintiff,   :      CR- 05-284

            -against-          :      United States Courthouse

                               :      Brooklyn, New York

JULIO LOPEZ,                   :

                  Defendant.   :

                               :      February 22, 2006
                               :      11:30 a.m.
- - - - - - - - - - - - - X

                    TRANSCRIPT OF SENTENCING
                BEFORE THE HONORABLE ALLYNE ROSS
                  UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:        ROSLYNN R. MAUSKOPF, ESQ.
                          United States Attorney
                          BY:  SCOTT MORVILLO, ESQ.
                               BRENDAN KING, ESQ.
                          Assistant United States Attorney

For the Defendant:        RANDOLPH DAAR, ESQ.


Probation:                ELIZABRETH SILVERIO


Court Reporter:           FREDERICK R. GUERINO, C.S.R.
                          225 Cadman Plaza East
                          Brooklyn, New York
                          718-330-7687


Proceedings recorded by mechanical stenography, transcript
produced by CAT.

THE COURT CLERK:  United States of America v. Julio Lopez, Docket No. CR-05-284.

Counsel, state your appearances for the record.

MR. MORVILLO:  Scott Morvillo and Brendan King for the United States.

Good afternoon, your Honor.

MR. DAAR:  Good afternoon, your Honor.

Randolph Daar, D-a-a-r, for Mr. Lopez.

MR. MORVILLO:  Also with the United States is Probation Officer Elizabeth Silverio.

THE COURT:  Okay.  Good afternoon.

Mr. Daar, I received submissions from you and the government, and I take it you have had a full opportunity to review with your client both the presentence report and the contents of all of those submissions; is that correct?

MR. DAAR:  Yes, I have your Honor

THE COURT:  Okay.

Mr. Lopez, are you satisfied that you have had plenty of time to go over with Mr. Daar your presentence report, all of the other submissions concerning sentence, and anything that you think relates to your sentence?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Okay.

Why don't you go ahead.

MR. DAAR:  Your Honor, just several brief comments

FREDERICK R. GUERINO, C.S.R.          OFFICIAL COURT REPORTER

1    THE COURT: Well, in the case of Mr. Lopez, there is

2  no dispute that under the guidelines, he's entitled to a

3  four-level deduction for a minimal role. Again, the defense

4  seeks traditional guidelines departures in his case, both for

5  aberrant behavior and under the Restreppo analysis. However,

6  as in the case of Mr. Lozada, I believe that an analysis of

7  the statutory factors governing sentence yields a fully

8  appropriate sentence in the case of Mr. Lopez.

9    A traditional guidelines analysis without departure

10  yields an adjusted offense level of 23, and a criminal

11  history category of one, calling for a range of imprisonment

12  of 46 to 57 months. I have considered the guidelines as to

13  the nature and circumstances of the offense. However, there

14  is a serious dirth of evidence regarding Mr. Lopez' role in

15  the offense and the extent of his knowledge of the magnitude

16  of the laundering operation.

17    Although Mr. Lozada stated post-arrest that Mr.

18  Lopez was paid $5,000 per month to guard the stash house

19  where he slept, I assume that Mr. Lopez, like Mr. Lozada, was

20  directed to vacate the apartment when the money was hidden

21  there. There's no evidence that Mr. Lopez ever became aware

22  of amounts of money hidden or of the players in the

23  conspiracy other than Lozada, or even of the existence of

24  other stash houses at this stage in the record.

25    More importantly, the government acknowledges there

1   is no evidence that he participated in the conspiracy for

2   more than a month, further limiting his potential exposure to

3   information giving rise to knowledge of the magnitude of the

4   money laundering conducted by the conspiracy.

5           While defendant's criminal conduct, nonetheless,

6   remains very serious, the evidence concerning his role and

7   his knowledge of the scale of the organization he assisted

8   does substantially mitigate the severity of the seriousness

9   of his criminal conduct.  Further, that mitigation is not

10  offset by an assessment of the other statutory factors.  Like

11  Mr. Lozada, this is Mr. Lopez' first brush with the law.  And

12  he, too, has a relatively stable employment history.

13          Under all of the circumstances, I believe that a

14  sentence of 24 months incarceration is sufficient, but no

15  more severe than necessary to satisfy the goals of

16  sentencing.  Such a term of imprisonment appropriately

17  reflects the seriousness of the defendant's criminal conduct,

18  and amply serves the aims of deterrence and just punishment,

19  protection of the public, and promotion and respect for the

20  law.

21          I, therefore, sentence Mr. Lopez to the custody of

22  the Attorney General for a period of 24 months, to be

23  followed by a three-year period of supervised release, with a

24  special condition that I prohibit the possession of a

25  firearm.

FREDERICK R. GUERINO, C.S.R.          OFFICIAL COURT REPORTER

1        I make a finding that he's unable to pay a fine, but

2    I will impose the mandatory $100 special assessment.

3        MR. DAAR:  Your Honor, could we ask for a

4    recommendation to a California facility?

5        THE COURT:  Yes.  I recommend to the Bureau of

6    Prisons that Mr. Lopez be housed in a facility as close as

7    possible to the California area.

8        MR. DAAR:  Thank you, your Honor.

9        MR. MORVILLO:  Your Honor, I'm sorry, are you done?

10        THE COURT:  I'm done.

11        MR. MORVILLO:  As with Mr. Lozada, the government

12    requests that you order forfeiture to the defendant as part

13    of the sentence.

14        THE COURT:  Yes, and I do order forfeiture in

15    conformity with what I believe I already signed a preliminary

16    order of forfeiture, except I'm making it formally part of

17    the sentence.

18        MR. MORVILLO:  At this time the government moves to

19    dismiss the remaining counts of the indictment with respect

20    to Mr. Lopez.

21        THE COURT:  The motion is granted with respect to

22    Mr. Lopez.

23        MR. DAAR:  I apologize.  Would you recommend a drug

24    program?

25        THE COURT:  Is that in his presentence report?

1    THE PROBATION OFFICER:  Request of defense counsel,
2    page 9, your Honor, paragraph three.  No drugs were
3    discussed.

4        THE COURT:  Then I will also both recommend drug
5    treatment in prison, and make a special condition of
6    supervised release that Mr. Lopez submit to drug testing and
7    participate in substance abuse treatment with a provider
8    selected by the Probation Department, which may include
9    outpatient or residential treatment as determined by the
10   probation officer.  And that he abstain from all illegal
11   substances and/or alcohol, and contribute to the cost of
12   services by copayment or full payment in an amount to be
13   determined by the Probation Department, based upon his
14   ability to pay and/or the availability of third party
15   payment.

16       Mr.  Lopez, there are circumstances in which a
17   defendant may appeal the sentence.  I'm not sure that this is
18   going to apply in your case, but you discuss that with your
19   attorney.  If you choose to appeal, a notice of appeal must
20   be filed within ten days.  If you could not afford
21   representation, a lawyer will be appointed to represent you.

22       MR. MORVILLO:  Thank you, Judge.

23       MR. DAAR:  Thank you, your Honor.

24       THE PROBATION OFFICER:  Thank you, your Honor.

25       (The sentence is concluded.)

FREDERICK R. GUERINO, C.S.R.        OFFICIAL COURT REPORTER